## Torres v. La Sociedad Anónima Tranvía de Mayagüez.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 792.—Resuelto en abril 10, 1912.

Demanda—Contestación—Alegaciones de la Demanda no Impugnada en la Contestación.—Aunque de acuerdo con el artículo 132 del Código de Enjuiciamiento Civil, toda alegación esencial de la demanda no impugnada en la contestación, se tiene por cierta para los efectos del pleito, no hay precepto legal alguno que exija a la corte sentenciadora que designe con anterioridad al juicio, qué hechos de los alegados en la demanda no han sido negados en la contestación.

Contestación a la Demanda—Alegaciones Impertinentes—Contestación Defectuosa.—Cuando la contestación es defectuosa y no constituye una buena defensa, el demandante puede solicitar que se dicte sentencia sobre las alegaciones. Si alguna de las alegaciones de la contestación es impertinente o reduntante debe solicitarse su eliminación. En caso de que algunos de los hechos esenciales de la demanda no hayan sido impugnados en la contestación, puede el demandante abstenerse de presentar prueba relativa a ellos considerándolos como admitidos por el demandado.

Prueba Contradictoria—Apreciación del Tribunal Sentenciador—Parcialidad, Pasión, o Prejuicio.—En los casos en que la prueba es contradictoria la apreciación que de la misma haya hecho el tribunal sentenciador, no será revocada en apelación a menos que se demuestre que procedió con parcialidad, pasión o prejuicio, o que incurrió en error manifiesto de hecho o de derecho.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. José Sabater.*

Abogado del demandado: *Sr. Fernando Vázquez.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Esta acción se estableció en reclamación de la suma de dos mil quinientos dollars por daños y perjuicios que se alegó sufrió el demandante por las lesiones personales que se le ocasionaron a consecuencia de la negligencia de la demandada. Celebrado el juicio en la corte de distrito se dictó sentencia a favor de la demandada, desestimándose la demanda e imponiéndose las costas al demandante. Contra esa sentencia se interpuso apelación celebrándose la vista de dicho caso ante este tribunal el día 15 del pasado mes, sometiéndose el caso por los alegatos escritos que presentaron las respectivas partes. El apelante, que fué el demandante ante la corte in-

ferior, señala tres errores que tomaremos en consideración por el orden en que han sido presentados:

I. Se ha alegado que la Corte de Distrito de Mayagüez cometió error negándose a examinar las alegaciones de las partes y a resolver, antes de la presentación de la prueba, si los hechos alegados en la demanda fueron o nó debidamente negados en la contestación, hasta el punto de hacerse necesario presentar prueba de los mismos. Aparece de los autos que antes de presentarse la prueba el abogado del demandante presentó a la corte una moción oral en la que suplicaba a la misma que procediera de conformidad con lo que se indica en los señalamientos de errores, a lo que la corte se negó por el fundamento de que la ley es clara al expresar que todos los hechos alegados en la demanda que no hubieran sido negados en la contestación se consideran como admitidos; siendo de opinión que es ocioso el especificar cuáles son los hechos que no han sido negados en la contestación. El demandante debidamente tomó excepción a esta resolución del tribunal.

Es cierto que el artículo 132 de nuestro Código de Enjuiciamiento Civil prescribe, que toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción; pero no tenemos ningún estatuto que exija a la corte inferior el designar con anterioridad al juicio qué hechos alegados en la demanda no han sido controvertidos en la contestación. Este artículo de nuestro Código de Enjuiciamiento Civil fué tomado de los artículos 332 y 33 del mismo Código en el Estado de Idaho, siendo una copia exacta del artículo 462 del Código de Enjuiciamiento Civil de California. La cuestión que aquí se ha presentado fué resuelta por la Corte Suprema de California hace más de cuarenta años, en el caso de *Gay* v. *Winter.*

El Juez Asociado, Sr. Sanderson, en una brillante opinión emitida en ese caso, se expresa como sigue:

"El demandante tiene derecho a que se haga una negación explícita de las alegaciones esenciales de la demanda, o una admisión de la veracidad de las mismas, ya sea mediante una alegación directa o de

modo implícito.   El no está obligado a proceder en perjuicio propio y juzgar por sí con respecto a la suficiencia de las negaciones, y luego ganar o perder según sea la sentencia que la corte dicte, ni está obligado a considerar las malas negaciones como buenas para evitar que se dicte una sentencia contraria sobre las mismas posteriormente en el procedimiento.   Su derecho a una negación o admisión explícita es uno substancial, que le pertenece no solamente por virtud de las terminantes prescripciones del estatuto sino también con arreglo a los claros principios de lógica que fundamentan la ciencia de las alegaciones.   Si este derecho no se concede voluntariamente por el demandado y presenta éste su contestación de conformidad con el mismo, es deber de la corte hacer valer el derecho de algún modo.''

En la misma página sigue la opinión como sigue:

''Cuando el demandante alega que todas las negaciones son malas y si la contestación no especifica alguna materia nueva, puede probar la suficiencia de las negaciones mediante la presentación de una moción solicitando se dicte sentencia sobre las alegaciones, o presentando una moción para que se elimine la contestación por el fundamento de que es especiosa.   Si se consideran buenas algunas de las negaciones y las otras malas, puede pedir la eliminación de las mismas.   Creemos que esta práctica está autorizada por el artículo cincuenta de la ley de práctica, el cual prescribe que 'las contestaciones y defensas especiosas e impertinentes, así como todo lo que en una alegación sea impertinente, redundante, o no esencial, puede ser eliminado mediante moción según las condiciones que la corte pueda exigir a su discreción.'   Las contestaciones que consistan de negaciones en las que no se nieguen de modo explícito las alegaciones esenciales de la demanda, resolvemos por ahora, que según el significado del estatuto son especiosas e impertinentes.''

El artículo cincuenta de la ley de práctica de California a que nos hemos referido en el párrafo anterior es idéntico al 453 del Código de Enjuiciamiento Civil de California, el cual es semejante al artículo 123 del Código de Enjuiciamiento Civil de Puerto Rico, que es como sigue:

''Las contestaciones especiosas e impertinentes, así como toda materia impertinente y redundante, contenidas en una alegación, podrán no ser tenidas en consideración por la corte, a su prudente arbitrio.'' (Leyes de la Sesión de 1904, página 205.)

Si la contestación del demandado estaba sujeta al comentario que de ella hizo el demandante, y éste deseaba que se dictara una resolución sobre la misma, debió haber presentado la cuestión a la corte en debida forma, o sea, si toda la contestación era mala y no se hacía en ella ninguna clase de defensa, pudo solicitar que se dictara sentencia sobre las alegaciones, y si alguna parte de la contestación era impertinente o redundante debió haber presentado una moción para que se eliminara, según la corte a su discreción lo creyera conveniente, o si estimó conveniente adoptar ese medio, pudo dejar de presentar prueba acerca de aquella parte de su demanda que no fué debidamente contestada por el demandado, y que por consiguiente se consideró como admitida con arreglo al artículo 132.

La consideración y resolución de cuestiones de esta clase con anterioridad al comienzo del juicio no es una práctica adecuada para la corte, por no exigirla la ley, pues adoptándola puede prejuzgar de cierto modo el caso antes de oir la prueba. Por tanto se declara que carece de fundamento el primer error alegado.

II. El segundo y tercer señalamiento de error pueden considerarse conjuntamente. Agrupados en uno solo, tienen por objeto expresar en sustancia que la corte sentenciadora cometió error al apreciar la prueba que se le presentó durante el juicio, declarándola contradictoria y resolviendo el caso en contra del demandante por no haber presentado éste prueba suficiente que le convenciera de la abierta negligencia del demandado.

Las declaraciones que prestaron los diferentes testigos presentados por ambas partes eran irreconciliable y evidentemente contradictorias. El propio demandante y sus testigos declararon que las lesiones se produjeron como sigue: Que el día 24 de marzo de 1910, entre 10 y 11 de la mañana, el demandante salía de la casa de Constantino Barletta, situada en la calle de Méndez Vigo en Mayagüez; que el tranvía ya había empezado su viaje hacia la Playa; que el deman-

dante hizo señas con la mano hacia el carro para que se detuviera, parando el carro como a unos dos metros antes de llegar a un poste de teléfono que allí había, entre las casas de Riera y Basora; que el demandante hizo parar el carro y cuando puso el pie en la tabla lateral de entrada al mismo, el carro siguió de nuevo su marcha, enredándose el demandante en una de sus cortinas sin poder sujetarse por tanto del brazo del asiento, por lo que fué arrojado contra el poste, perdiendo el conocimiento debido al golpe que recibió en el lado derecho de la cara; que al pasar el carro el poste de referencia estaba a una distancia de cerca de treinta centímetros de la tabla lateral de entrada al referido carro.

Los testigos del demandado declararon por el contrario que el demandante Rafael Torres entró aquel día al carro y se sentó en el último asiento entre dos pasajeros, un hombre y una mujer; y sin pedir que se parara el carro, saltó sobre la tabla que para entrar hay en el costado del mismo, sacó la cabeza chocando con el poste y causándose así la lesión.

El juez de la corte, previa moción y convenio de los abogados de las partes, inspeccionó personalmente el sitio donde ocurrió el accidente, habiendo observado y expresándolo así en su opinión, que el poste en cuestión se hallaba muy cerca de la tabla que hay en el costado del carro cuando pasó el carro junto á dicho poste, pero que una persona que esté derechamente parada en la expresada tabla puede pasar sin chocar con el poste.

Estos son los hechos esenciales sobre los cuales se ha declarado y presentado prueba en este caso. Indudablemente que la corte sentenciadora estaba obligada a dar crédito a ciertas declaraciones y rechazar otras por ser irreconciliables y no poder ambas ser ciertas. Dicho juez estaba en mejores condiciones que ninguna otra persona que no tuviera la misma oportunidad para formar una opinión sobre el particular, para resolver cuál de los testigos era digno de crédito, por haber comparecido todos ellos ante él, pudiendo así apreciar

su credibilidad por su presencia, carácter, manera de declarar e interés que tuvieran en el resultado del pleito y demás circunstancias con relación al caso. Desde luego que si al examinar la prueba este tribunal como es su deber hacerlo, encontrara que el juez sentenciador obró influído por parcialidad, pasión o prejuicio al apreciar la misma, o que incurrió en error manifiesto de hecho o de derecho al llegar a. su conclusión, no vacilaría en anular sus conclusiones de hecho y revocar la sentencia. Pero hemos examinado cuidadosamente todas las declaraciones prestadas en el juicio según aparecen en los autos, y considerado detenidamente todas las circunstancias comprendidas en el caso, y no encontramos nada en la transcripción que nos justifique en resolver que la corte inferior estuvo influída por algún motivo indebido, o que incurriera en algún error esencial al aquilatar la prueba y establecer sus conclusiones de hecho, con las cuales estamos conformes; y creemos como él, que el peso de la prueba está a favor del demandado, por lo que no estamos dispuestos a modificar sus conclusiones. Por estas razones no encontramos fundamento alguno en el segundo y tercer señalamientos de error.

Indudablemente que la presente acción se basó en el artículo 1803, y en el párrafo 4°. del 1804 de nuestro Código Civil. Examinando la prueba en conjunto según la amplitud con que aparece en los autos, no encontramos base o motivo alguno para dictar una sentencia declarando que las lesiones que recibió el demandante fueron debidas a la falta o negligencia del demandado, o de sus agentes, dependientes o empleados; y después de un examen cuidadoso de todas las proposiciones legales que han sido citadas en las autoridades a que ambas partes han hecho referencia, y examinadas asimismo todas las razones aducidas por las mismas en sus respectivos alegatos, somos de opinión que la sentencia de la corte inferior dictada en este caso el día 19 de septiembre de 1911, debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.